1

2

3

4

5

6

7

8

9

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14   ACADEMY OF COUNTRY MUSIC,          Case No.: CV-13-02448 DDP (RZx)

15           Plaintiff,

16   vs.

17   ACM RECORDS, INC., a New Jersey    **[PROPOSED] ORDER RE**
     corporation; ALAN COHEN; and       **STIPULATED PROTECTIVE**
18   EVELYNE COHEN,                     **ORDER**
             Defendants.
19   _____

20   ACM RECORDS, INC. a New Jersey
     corporation,
21
             Counterclaimant,
22
     vs.
23
     ACADEMY OF COUNTRY MUSIC,
24   INC., a California non-profit
     corporation,
25
             Counterdefendant.
26
27   _____

28

THE COURT, having reviewed and considered the Stipulation re Protective Order attached hereto as Exhibit 1, and good cause appearing therefor, HEREBY ORDERS that the Stipulated Protective Order is GRANTED and shall be controlling as applicable to the discovery proceedings in this case.


DATED: December 12, 2013


_____

Hon. Ralph Zarefsky
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

1   A. Eric Bjorgum (SBN 198392)
    Marc Karish (SBN 205440)
2   KARISH & BJORGUM, PC
    16 North Marengo St., Suite 307
3   Pasadena, California  91101
    Telephone:    (213) 785-8070
4   Facsimile:    (213) 995-5010
    Eric.bjorgum@kb-ip.com
5
    Attorneys for Defendants ACM RECORDS, INC.,
6   ALAN COHEN and EVELYNE COHEN and
    Counterclaimant ACM RECORDS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  ACADEMY OF COUNTRY MUSIC,          Case No.: CV-13-02448 DDP (RZx)

12            Plaintiff,

13  vs.                                **STIPULATION RE
                                       PROTECITVE ORDER**
14  ACM RECORDS, INC., a New Jersey
15  corporation; ALAN COHEN; and
    EVELYNE COHEN,
16            Defendants.

17  _____   **Date:        N/A**
                                         **Judge:       Hon. Ralph Zarefsky**
18  ACM RECORDS, INC. a New Jersey       **Disc. Cutoff: April 18, 2014**
    corporation,                         **Trial:       October 21, 2014**
19
              Counterclaimant,
20
    vs.
21
    ACADEMY OF COUNTRY MUSIC,
22  INC., a California non-profit
    corporation,
23
              Counterdefendant.
24

25  _____

26

27

28

                                    4

WHEREAS, Plaintiff's Complaint asserts claims for trademark infringement and related claims and Counterclaimant asserts claims for trademark infringement and related claims;

WHEREAS, good cause exists to grant this Protective Order. In the course of this lawsuit disclosure may be sought of information which a party regards as being of a confidential, trade secret, and/or proprietary nature. In particular, the nature of Plaintiff's claims for relief, and the counterclaims, will likely require the disclosure of confidential and proprietary information including but not limited to (a) the identity of contacts; (ii) non-public sales and pricing information; (iii) licensing rates; (iv) attorney-client privileged information; (v) business and branding strategy; and (vi) various classes of financial information that could benefit a competitor;

WHEREAS, one or more of the Parties contends that the public disclosure of the foregoing information may or will put the Parties at a competitive disadvantage if such information is made available and known to their competitors or prospective competitors. The Parties wish to fully comply with their discovery obligations without compromising their respective legitimate interests, and the respective legitimate interests of third party witnesses, in the confidentiality of certain information and documentation. Accordingly, the Parties seek to implement a Protective Order to protect their interests;

WHEREAS, this Court has authority to grant this Protective Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may make an order "specifying terms, including time and place, for the disclosure or discovery"; "forbidding inquiry into certain matters, or limiting the scope of disclosure of discovery to certain matters"; "requiring that a deposition be sealed and opened only on court order"; "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"; "requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(B), (D), (F), (G), (H). Protective

orders serve to safeguard parties in light of the otherwise broad reach of discovery. *U.S. v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982);

WHEREAS, courts routinely recognize that trade secrets and confidential information produced during discovery may be protected from public disclosure. *See, e.g.*, *Imax Corp. v. Cinema Technologies, Inc.*, 152 F. 3d 1161, 1168 n. 9 (9th Cir. 1998) (recognizing stipulated protective order regarding proprietary information); *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1532 (9th Cir. 1993) (emphasizing benefits of protective orders which prevent harm by limiting disclosure); *Reebok Int'l, Ltd. v. Jemmett*, 1988 WL 106933, at *3 (S.D. Cal. 1988) (imposing protective order in copyright infringement case); *Charles O. Bradley Trust v. Zenith Capital LLC*, 2006 WL 798991, at *2 (N.D. Cal. 2006) (financial records may be included within protective order);

WHEREAS, in keeping with the foregoing, the Parties seek to establish procedures that will protect all confidential and proprietary information while expediting the discovery process, limiting the necessity for objections or subsequent motions seeking to limit discovery and facilitating the disposition by this Court of any disputes that may arise in connection with discovery.

IT IS HEREBY STIPULATED by and between the Parties hereto, by their respective undersigned counsel of record herein, that the following Protective Order shall govern the disclosure of confidential, trade secret, and/or proprietary information provided by the parties in this action.

When used in this Protective Order, the words set forth below shall have the following meanings:

The word "Documents" is used herein in the broadest sense permitted under the Federal Rules of Civil Procedure.  In particular, it means the original (or identical duplicate when the original is not available) of all objects, tangible or intangible, from which information may be derived or discerned, and specifically includes all form of Electronic

Data and other information stored on Electronic Media.  By way of
example only, the word "Document" shall include notes,
correspondence, memoranda, contracts, agreements, sound recordings,
minutes, diaries, notebooks, bulletins, circulars, forms, statements,
journals, letters, telegrams, notices, interoffice and intra office
Communications, electronic mail, photocopies, studies, analyses,
messages, comparisons, graphs, charts, compilations, drawings,
receipts, schedules, summaries, films, photographs, tapes,  electronic
data, computer data bases, computer codes, computer printouts,
software, books, pamphlets, periodicals, reports, notations, messages,
cables, videotapes, magazines, booklets, instructions, purchase orders,
bills, checks, tabulations, questionnaires, surveys, sketches, working
papers, indexes, records of purchase of sale, leases, invoices, expense
records, trip reports, press releases, appraisals, valuations, estimates,
opinions, financial statements, accounting records, income statements
(including consolidated income statements), electronic or other
transcriptions or taping of telephone or personal conversations,
conferences or meetings, telephone logs, appointment calendars,
calendars, group scheduler calendars, paintings, minutes, financial
reports, accounting reports, facsimiles, facsimiles transmission
reports, or logs, teletype messages, directories, computer directories,
computer disks, computer tapes, computer media, or any other written,
printed, typed, punched, taped, filmed or other electronic media.

"Discovery Materials" means Documents produced in response to requests
for production or pursuant to subpoena.

"Disclose" means to reveal, divulge, give, or make available Discovery
Materials, or any part thereof, or any information contained therein.

Any party may designate as "Confidential" or "Highly Confidential -- Attorneys'

Eyes Only" any document produced by such party by stamping the document

"Confidential" or "Highly Confidential -- Attorneys' Eyes Only."  "Confidential" or

"Highly Confidential -- Attorneys' Eyes Only" information includes information that

(1) is secret; (2) is proprietary; (3) is a trade secret; (4) contains non-public information

regarding product research or development, marketing strategy, the party's finances, or

the party's personnel; (5) is privileged from disclosure by an individual's right to

privacy; or (6) contains other information, the disclosure of which will cause harm to

the party disclosing such information.  All Discovery Materials designated as

"Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall be accorded the

protections set forth in this Protective Order, and the contents thereof, or any

information contained therein, shall not be disclosed to any person or entity except in

accordance with the terms, conditions, and restrictions of this Protective Order.

All Discovery Materials designated as "Confidential" or "Highly Confidential --

Attorneys' Eyes Only" shall be used solely for the prosecution and defense of the

claims in the above-entitled action.  "Confidential" or "Highly Confidential --

Attorneys' Eyes Only" Discovery Materials shall not be used by any party other than

the producing party for any other purpose, including, without limitation, business or

commercial purposes.

Any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only"

designation which is inadvertently omitted during document production, in responding

to interrogatories or in connection with a deposition, may be corrected by written

notification to all counsel of record.  Upon receipt of such written notification, all

information so designated shall be subject to this Protective Order as if it had been

initially so designated; provided, however, that the receiving party shall incur no

liability for any prior disclosure of such information.

For purposes of preparation and trial of this action, and subject to the terms,

conditions, and restrictions of this Protective Order, those who receive "Confidential"

information pursuant to this Protective Order may disclose such information only to the

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

following persons:

        The parties and persons employed by the parties to whom access to "Confidential" information is required in order to enable a party to prepare for trial, to try this action or to engage in appellate proceedings herein;

        Any counsel retained by the parties, including that counsel's paralegal, secretarial, and clerical employees who are assisting counsel in the preparation and trial of this action;

        Counsel working on this action on behalf of any party;

        Deposition deponents for purposes of a deposition held in connection with this proceeding where "Confidential" information is relevant to a subject matter of which the deponent would be likely to have knowledge and witnesses called to testify at trial but only for purposes of such trial testimony;

        Potential witnesses in the action, but only to the extent necessary for the purpose of assisting in this action and such potential witnesses shall not be entitled to retain copies of "Confidential" information;

        Court reporters and other persons involved in recording or transcribing the action;

        Copying or microfilming services retained to handle or reproduce Discovery Materials in this action;

        Experts and consultants retained or consulted by the parties and/or their counsel concerning the preparation and trial of this action and the employees or independent contractors of any such experts or consultants who are assisting in the work for which the experts or consultants are engaged;

The Court and any persons employed by the Court whose duties require access to any information lodged or filed in connection with this action; and

Any settlement conference officer or mediator to whom disclosure of "Confidential" information is permitted by the parties in writing.

For purposes of preparation and trial of this action, and subject to the terms, conditions, and restrictions of this Protective Order, those who receive "Highly Confidential -- Attorneys' Eyes Only" information pursuant to this Protective Order may disclose such information only to the following persons:

Only outside litigation counsel working on this action on behalf of any party and outside litigation counsel's paralegal, secretarial, and clerical employees who are assisting outside litigation counsel in the preparation and trial of this action;

Counsel of the law firms of Karish & Bjorgum, PC, Kutak Rock LLP and Romeo Law, LLC, working on this action on behalf of their respective clients and such counsel's paralegal, secretarial, and clerical employees who are assisting such counsel in the preparation and trial of this action; provided, however, that no such information may be disclosed to any employee of Romeo Entertainment other than R.J. Romeo;

Court reporters and other persons involved in recording or transcribing the action;

Copying or microfilming services retained to handle or reproduce Discovery Materials in this action;

Experts and consultants retained or consulted by outside litigation counsel and/or their counsel concerning the preparation and trial of this action and the employees or independent contractors of any such experts or

consultants who are assisting in the work for which the experts or
consultants are engaged; and

The Court and any persons employed by the Court whose duties require
access to any information lodged or filed in connection with this
action; and

Any settlement conference officer or mediator to whom disclosure of
"Highly Confidential -- Attorneys' Eyes Only" information is
permitted by the parties in writing.

Before disclosing any "Confidential" or "Highly Confidential -- Attorneys' Eyes
Only" information or the contents thereof, to any persons (except the individuals
identified in paragraphs 5(6), (7), (9) and 6(3), (4), (6) above), counsel shall show the
Protective Order to such person and explain to such person that the documents are
confidential and are subject to this Protective Order.  Counsel shall cause each person(s)
to execute a copy of the "Agreement to be Bound," the form of which is attached hereto
as Exhibit "A".

Irrespective of Paragraphs 5 and 6 above, nothing herein shall prohibit counsel
for a Party from disclosing Discovery Material to any person whom the particular item
of Discovery Material clearly identifies as an author, addressee, or copy recipient of the
particular item of Discovery Material; and, regardless of designation pursuant to this
Stipulation and Protective Order, if a document or testimony makes reference to the
actual or alleged conduct or statements of a person who is a potential witness, counsel
may discuss such conduct or statements with such witness without revealing any
portion of the Discovery Material other than that which specifically refers to such
conduct or statements, and such discussion shall not constitute disclosure within the
terms of this Stipulation and Protective Order.

To the extent any deposition taken in this action concerns "Confidential" or
"Highly Confidential -- Attorneys' Eyes Only" information, any party or nonparty may
designate all or a portion of the transcript of such deposition as "Confidential" or

"Highly Confidential -- Attorneys' Eyes Only" information while the deposition is in progress, or by providing counsel for all parties with specific designations of the pages and lines in the transcript that the designating party considers to be "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" within fourteen (14) business days of the designating party's receipt of a copy of the deposition transcript, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

To the extent "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information is filed with the Court, whether as an exhibit to a submission or referenced within a submission, the parties shall proceed according to the procedures set forth in Local Rule 79-5 of the United States District Court for the Central District.  Consistent with Local Rule 79-5, the party seeking to submit the Confidential Information shall submit an application, a proposed order, and the Confidential Information for filing under seal, and may file the Confidential Information under seal only if the Court so orders.

If any party wishes to disclose any Discovery Materials received from another party and designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" to any other person not identified in prior paragraphs, at least seven (7) business days prior to the date of such disclosure, notice shall be served on counsel for the party that produced the particular Discovery Materials setting forth the identity of the person to whom the information is to be disclosed, and the need and purpose for the disclosure. If counsel for the producing party does not consent to disclosure of the particular Discovery Materials in writing, the receiving party shall obtain permission from the Court prior to any disclosure of the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information.  Irrespective of the time periods in this paragraph, if  a shorter time period is necessary because of time limitations associated with any court dates or deadlines, the parties shall attempt to reasonably accommodate such shorter time periods.

If any party disagrees with respect to the designation of information pursuant to this Protective Order, it shall notify the designating party of its disagreement in writing and the designating party and the objector(s) will thereupon confer as to the status of the subject information within ten (10) days (or such other time as the parties may agree upon) after the designating party receives the written notification.  If, prior to, or at the time of such a conference, the designating party withdraws its designation of such information as being subject to this Protective Order, the designating party shall express such withdrawal in writing.  If the objector and designating party are unable to agree upon the status of the documents or materials designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only", the objector may, within ten (10) days after the conference, challenge by motion any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation on any Discovery Materials.  On any such motion, the party asserting the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation has the burden of proving that the designation is appropriate.  Until a determination by the Court as to the propriety of a "Confidential"  or "Highly Confidential -- Attorneys' Eyes Only" designation is made, the information shall be treated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" pursuant to the terms of this Protective Order.

Nothing in this Protective Order shall prohibit a party from seeking further protection of the Discovery Materials by stipulation among all the parties or by application to the Court.

This Protective Order is entered without prejudice to the right of any party to waive the applicability of this Protective Order to any Discovery Materials produced by that party.

Within sixty (60) days of the conclusion of this lawsuit, including any appeals, all materials designated "Confidential"  or "Highly Confidential -- Attorneys' Eyes Only" and any copies thereof shall be destroyed or returned to the party who produced the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" materials, upon

written request.  Irrespective of the above, counsel can keep one archival copy of the documents for their permanent files.

Notwithstanding any other provision herein, this Protective Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information; (2) a waiver of any objection to the production or use of any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information on grounds of privacy, relevance, confidentiality, privilege, undue burden or otherwise; or (3) a ruling requiring the production of any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information.

If any party who receives "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information receives a subpoena or other request seeking such information, said party shall immediately give notice to the designating party (and no later than three (3) business days of receipt of the subpoena), identifying the information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order so as to afford the designating party an opportunity to obtain an order barring production or other disclosure, or to respond to the subpoena or other request for production or disclosure of such information.

This Protective Order and the embodied agreements shall survive termination of this action and continue in full force and effect.

DATED: November 25, 2013

*/s/ Patrick C. Stephenson*
Attorneys for Plaintiff and Counterdefendant

DATED: November 25, 2013

*/s/ A. Eric Bjorgum*
Attorneys for Defendants and Counterclaimant

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Academy of Country Music v. ACM Records, et al.,* Case No. CV-13-02448 DDP (RZx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　[printed name]

Signature:_____[signature]