1

2

3

4

5                                                              O

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   ACADEMY OF COUNTRY MUSIC,        )   Case No. CV 13-02448 DDP (RZx)
                                      )
12                  Plaintiff,        )   **ORDER GRANTING PLAINTIFF'S MOTION**
                                      )   **FOR LEAVE TO FILE AN AMENDED**
13        v.                          )   **COMPLAINT**
                                      )
14   ACM RECORDS, INC., a New         )   [Dkt. No. 44.]
     Jersey corporation; ALAN         )
15   COHEN; EVELYNE COHEN,            )
                                      )
16                  Defendants.       )
                                      )
17   _____ )

18        Before the court is Plaintiff Academy of Country Music's

19   Motion for Leave to File an Amended Complaint. (Dkt. No. 44.) The

20   matter is fully briefed and suitable for decision without oral

21   argument. Having considered the parties' submissions, the court

22   adopts the following order granting the motion.

23

24   **I.   Background**

25        Plaintiff filed the instant action against Defendants ACM

26   Records, Inc., Alan Cohen, and Evelyn Cohen ("Defendants") on April

27   5, 2013, alleging common law trade mark infringement, Lanham Act

28   trademark infringement and dilution, and various related state law

1   claims. (Dkt. No. 1). Defendants answered and filed counterclaims

2   on July 28, 2013. (Dkt. Nos. 17, 18.)

3        On September 13, 2013, the court issued a Scheduling Order,

4   setting December 8, 2013 as the last day to amend the pleadings.

5   (Dkt. No. 33.)

6        On April 18, 2014, Plaintiff moved for leave to file a First

7   Amended Complaint. (Dkt. No. 44.) Plaintiff seeks to add a claim

8   for cancellation of a trademark registration, which Plaintiff

9   alleges was improperly obtained by Defendants and to add related

10  factual allegations. Plaintiff asserts that the basis for the

11  proposed additional claim was not discovered until certain

12  information was obtained during depositions of Defendants Alan and

13  Evelyne Cohen which took place in March 2014. (Motion at 4.)

14       Plaintiff asserts that it initially sought, during late

15  December 2013, to take the Cohens depositions on January 22, 2014.

16  (Declaration of Patrick C. Stephenson in Support of Motion ¶ 2 &

17  Ex. 1.) However, according to Plaintiff, Defendants were not

18  available during January 2014 or the first two weeks of February

19  2014. (Id. ¶ 4.) Following a further delay resulting from inclement

20  weather, the depositions were ultimately taken on March 10 and 11,

21  2014. (Id. ¶ 6.)

22       Plaintiff asserts that, during his March 11, 2014 deposition,

23  Alan Cohen gave testimony to the effect that the application for

24  the trademark at issue in this case was filed in the name of the

25  wrong owner. (Id. ¶ 8.) Specifically, Plaintiff contends it learned

26  through Mr. Cohen's testimony that at the time that Application

27  Serial No. 77362636 (the "Application") for the "ACM Records" mark

28  was filed with the United States Patent and Trademark Office by

"Alan or Evelyn Cohen d/b/a ACM Records, Inc.," any rights that
Defendants owned in the mark would have, pursuant to an assignment,
been owned by ACM Records, Inc., rather than Alan or Evelyn Cohen.
(Id.) Plaintiff therefore contends that this alleged error as to
the ownership of the mark is the basis for a trademark cancellation
claim of which Plaintiff was previously unaware and which it seeks
to include as Count IX of its proposed First Amended Complaint.
(Dkt. No. 45.)

## II.  Legal Standard

     Generally, courts may grant leave to amend whenever "justice
so requires." Fed. R. Civ. P. 15(a)(2). Prior to the cutoff date
for the amendment of pleadings, requests for leave to amend should
be granted with "extreme liberality." Moss v. U.S. Secret Service,
572 F.3d 962, 972 (9th Cir. 2009). Under such circumstances, courts
consider factors such as undue delay, prejudice to the opposing
party, bad faith, and futility of amendment in determining whether
to grant leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962).
     However, when a party seeks to amend a pleading *after* the
pretrial scheduling order's deadline for amending the pleadings has
expired, the liberal standard of Rule 15 no longer applies.
Johnson v. Mammoth Recreations, 975 F.2d 604, 607-08 (9th Cir.
1992). The moving party must instead satisfy the "good cause"
requirement of Rule 16(b)(4), which requires that "[a] schedule may
be modified only for good cause and with the judge's consent."
Fed. R. Civ. Proc. 16(b)(4); see Johnson, 975 F.2d at 608-10 (9th
Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which
focuses on the bad faith of the party seeking to interpose an

3

amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (internal quotation marks omitted); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000).

In the case of a motion to modify the Scheduling Order to amend a pleading, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Hood v. Hartford Life and Acc. Ins. Co., 567 F.Supp.2d 1221, 1224 (E.D. Cal 2008) (quotation marks and citation omitted).

**III. Discussion**

The court now discusses the instant motion in light of the factors outlined in Hood.

As to the first prong, there is no dispute that Plaintiff was diligent in assisting the court in creating a workable Rule 16 order.

As to the second prong, the parties dispute whether Plaintiff

1  could have "reasonably foreseen or anticipated" the subject of the
2  proposed additional claim at the time of the Rule 16 scheduling
3  conference. Defendants contend that Plaintiff should have
4  anticipated the claim because the prosecution history of the
5  trademark at issue, which has been publicly available since 2008,
6  showed that the Application was filed in the names of Al Cohen and
7  Eve Cohen individually and "DBA ACM Records,Inc" and Plaintiff
8  itself produced documents establishing that ACM Records, Inc. was
9  incorporated in 2003. (Opposition at 5-6, citing Declaration of A.
10 Eric. Bjorgum Exs A, D.) Defendant argues that, because "the
11 corporation existed years before the trademark application was
12 filed," "the fact that the application may have been filed in the
13 wrong name should have jumped out at Plaintiff." (Opp. at 6.)

14      Plaintiff argues that the information available to it was not
15 sufficient to reveal a potential error. It contends that there are
16 various legitimate reasons why the Cohens may have chosen to hold
17 ownership of the ACM Records trademark registration in their own
18 personal names, and the fact that they also own a corporate entity,
19 ACM Records, Inc., does not necessary suggest that the trademark
20 application was filed in error. (Reply at 4-5.) Plaintiff contends
21 that the Cohens "could have licensed the trademark to the
22 corporation; the corporation could have been a holding company of
23 some sort; or the corporation could have been engaged in a
24 completely different line of business." (Reply at 5.) It asserts
25 that it only learned of the alleged erroneous assertion of
26 ownership during the May 11, 2014 deposition of Alan Cohen. (Id.;
27 Stephenson Decl. ¶ 8.)

28      The court finds Plaintiff's position more convincing. While

1   the nature of ownership listed in the Application may have been

2   sufficient to give Plaintiff cause to explore the issue further in

3   discovery--something it ultimately did through the deposition of

4   Alan Cohen--the facts apparently available to Plaintiff at the time

5   of the December 8, 2013 cut-off for the amendment of pleadings were

6   not sufficient to expect Plaintiff to have sought to amend its

7   pleading to add a cancellation claim. Moreover, the fact that the

8   deposition of Mr. Cohen was not held until March 11, 2014 does not

9   appear to be the result of a lack of diligence on the part of

10  Plaintiff, as it is undisputed that the delay resulted at least in

11  part from the unavailability of Defendants for earlier dates and

12  inclement weather.

13      As to the third prong, the court finds that an amendment to

14  the pleadings should not be barred on the ground that Plaintiff

15  failed to diligently seek amendment once the basis for the

16  amendment became clear. The deposition was held March 11, 2014 and

17  Plaintiff filed the instant motion on April 18, 2014. However, at

18  least one week of the delay is attributable to an extension

19  requested by Defendants' counsel to review the deposition

20  transcripts (which were apparently not provided to Plaintiff in

21  their entirety until after the Motion was filed). (See Stephenson

22  Decl. ¶¶ 4, 7.) Moreover, Plaintiff does not seek to reopen

23  discovery. In the circumstances, the court does not consider the

24  delay in filing the instant motion unreasonable.

25      Additionally, Defendants assert that, even if the court finds

26  that Plaintiff has satisfied Rule 16's "good cause" requirement,

27  the court should not allow the amendment because it would be

28  futile. (Opp. at 7.) The court may consider futility of the

6

1  proposed amendment in determining whether to grant leave to amend a
2  pleading. See Foman v. Davis, 371 U.S. at 182. In this case, the
3  court does not have before it sufficient facts and briefing to
4  conclude that the proposed amendment would be futile. Neither party
5  has cited any cases in support of its position as to whether the
6  claim is time-barred and both parties incorrectly cited the most
7  relevant statutory authority, 15. U.S.C. § 1064. (Opp. at 7; Reply
8  at 5.) The court states no opinion as to whether the claim would
9  survive a motion to dismiss or motion for summary judgment.

10      In light of the above discussion, the court finds that
11  Plaintiff has shown good cause to amend the Scheduling Order and
12  will allow the filing of the First Amended Complaint.

13      Defendant requests, in the event that the instant motion is
14  granted, that it be permitted to reopen discovery to seek evidence
15  in support of a potential laches defense. (Opp at 7-8.) The court
16  will allow Defendant to conduct discovery for the limited purpose
17  of defending the cancellation claim. Such discovery shall conclude
18  no later than June 27, 2014, as set forth below. This limited
19  discovery shall not include a deposition of Plaintiff's counsel of
20  record in this matter, as Defendant has not justified such an
21  extraordinary measure. See Doubleday v. Ruh, 149 F.R.D. 601, 613
22  (E.D. Cal. 1993).

23

24  **IV.  Conclusion**

25      For the reasons stated herein, Plaintiff's Motion for Leave to
26  File an Amended Complaint (Dkt. No. 44) is GRANTED. Defendant's
27  request to reopen discovery is GRANTED for the limited purpose of
28  defending Count IX of the First Amended Complaint. Defendants shall

be permitted to seek discovery of facts and documents supporting the claim and to conduct one deposition. Such discovery shall conclude no later than June 27, 2014.

IT IS SO ORDERED.

Dated: June 10, 2014

_____
DEAN D. PREGERSON
United States District Judge